IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WILLIS ERIC SMITH                                                                                          PLAINTIFF

VS.                                                                  CIVIL ACTION NO. 5:16cv68-DCB-MTP

PAULINE MORRIS, *et al.*                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to serve process and failure to prosecute or to otherwise comply the Court's Order to Show Cause [15] of January 20, 2017 as it relates to defendant T.S.D. Trucking, Inc ("TSD Trucking"). Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice as to defendant T.S.D. Trucking, Inc.

### Procedural History

On or about July 11, 2016, plaintiff Willis Eric Smith ("Smith") filed this complaint against defendants in Lincoln County Circuit Court alleging negligence which resulted in injuries and damages from an automobile accident which occurred on April 14, 2016. Defendant US Xpress, Inc. removed this matter to this court on August 12, 2016.

The State Court Record [10] reveals that a Summons was issued for TSD Trucking to be served by certified mail, but there is no signed return receipt of record.[1] On January 20, 2017, the undersigned entered an Order to Show Cause [15] directing plaintiff to show cause by January 30, 2017 why this matter should not be dismissed against the unserved defendants for

---

[1] From notations on the Summons, it appears that service on the registered agent, Tommy Lee Denson, was attempted but he refused it because "it's not his business." *See* [10] page 36. The certified mail receipt follows this entry. *See* [10] pages 38-39. A letter from Tommy Lee Denson to counsel for plaintiff is contained in the state court file advising that TSD Trucking, Inc. was not involved in the subject accident. *See* [10] page 80.

failure to serve process and failure to prosecute.[2] Plaintiff did not respond to the order [15] or take any action by January 30, 2017 as ordered.

Accordingly, the undersigned recommends that this matter be dismissed without prejudice as to TSD Trucking.

## Legal Analysis

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case illustrates the type of inaction that warrants rule 41(b) dismissal.

Additionally, Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice...." Fed. R. Civ P. 4 (m). As plaintiff has failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

## Recommendation

As the plaintiff has failed to serve process or to otherwise prosecute this case against TSD Trucking, it is the recommendation of the undersigned that this matter be DISMISSED

---

[2]At the time of the entry of the Order to Show Cause [15], Pauline Morris ("Morris") was also an unserved defendant. Morris has since answered [16].

WITHOUT PREJUDICE against defendant T.S.D. Trucking, Inc. pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed finding, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 22nd day of March, 2017.

s/ Michael T. Parker
United States Magistrate Judge
